UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVE MONTLE,

                    Plaintiff,

v.                                                          Case No: 05-10137-BC
                                                           Honorable David M. Lawson

WESTWOOD HEIGHTS SCHOOL DISTRICT,
A Michigan Governmental Unit, JERRI-LYNN
WILLIAMS, in her individual capacity and
GEORGE GRAY, in his individual capacity,

                    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAY 10, 2006 ORDER

Before the Court is the plaintiff's motion seeking reconsideration of the Court's order denying his motion *in limine* to exclude a separation agreement from the evidence at trial. The plaintiff asks the Court to find that as a matter of law the separation agreement did not waive the plaintiff's claims. Such a finding, the plaintiff asserts, would be grounds for reconsidering the decision on the motion *in limine*. The plaintiff argues that the terms of the agreement are unambiguous, and therefore the intent of the parties can be decided as a matter of law.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). The Local Rules provide, however, that any "motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." E.D. Mich. LR 7.1(g)(3). A motion for reconsideration must be filed within ten days after

entry of the order.  E.D. Mich. LR 7.1(g)(1).

The plaintiff here has not demonstrated any mistake of fact or law that amounts to a "palpable defect."  Rather, the plaintiff re-asserts the arguments presented at the summary judgment hearing.  At that hearing, held on April 17, 2006, the Court rejected these arguments and found that the terms of the separation agreement are ambiguous, and a jury should therefore determine the intent of the parties.  The plaintiff has not shown that this decision was obviously defective.

In addition, this motion is untimely.  Although framed as if it seeks reconsideration of a May 10, 2006 decision, the motion actually requests reconsideration of a decision made on April 17, 2006.  More than ten days have passed since the decision was made on the summary judgment motion.  The plaintiff's motion also seeks summary judgment in his favor on the defendants' affirmative defense, but the dispositive motion deadline was February 15, 2006.  For these reasons, the Court will deny the motion for reconsideration.

Accordingly, it is **ORDERED** that the plaintiff's motion for reconsideration of the order of May 10, 2006 [dkt # 31] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: May 19, 2006

<div style="border:1px solid">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 19, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS

</div>